EX PARTE: Florida State Bar Association Committee on Legal Education and Admission to the Bar.

5 So. (2nd) 1
En Banc
Order Entered December 9, 1941

J. Velma Keen, James Booth, Robert R. Milam, W. L. Gray, Jr., M. L. Mershon, S. D. Weissbuch, W. Murray Hamner, John A. H. Murphree, H. Plant Osborne, Harold B. Wahl, D. Niel Ferguson and Harry R. Trusler, Petitioners.

TERRELL, J.—This petition on the part of the State Bar Association represented by its committee on Legal Education and Admission to the Bar prays that the rule prescribing qualifications for applicants to take the bar examination be amended so as to conform to one of the following propositions: (a) The present rule balanced and made more equitable. (b) Modification of the American Bar Association rule. (c) The American Bar Association rule.

The amendment is urged on the ground (1) a better educated bar will be an increased protection to the bar and the citizens of Florida, (2) educational requirements for admission to the bar should keep step with that for teaching, medicine, engineering, and other professions, (3) the rules for admission to the bar should harmonize with the advance of legal education, (4) higher educational qualifications are now in the reach of everyone who is willing to make the effort, and (5) the interest of the profession and the public demands a higher standard of professional preparation on the part of those who seek admission to the bar.

After wide publicity, we considered this question four years ago and some of the Justices favored adopting the American Bar Association rule at that

time but a majority of the Court felt that this would be unjust to some, so the present rule was adopted, it being a material advance over the old rule. The Court was influenced in its decision by the fact that very eminent and highly respected members of the bar appeared at the bar of the Court and submitted able arguments and briefs, some advocating and some opposing the change.

Consideration of the present petition was given the same publicity that the petition four years ago was given and while it was very ably advocated in the affirmative, no member of the bar has appeared or submitted a brief in opposition to its approval. The opinion of the Court in response to the petition four years ago is reported in 134 Fla. 851, 186 So. 280. In that opinion, we set out at some length what we deemed to be the reasons for a higher standard of professional preparation on the part of the bar.

What was said in that opinion on the subject of professional preparation becomes more pressing as new circumstances produce unheard of equities and more complex factual conditions to treat. It would be useless repetition to rehash what was said in that opinion. We think, however, that it may be supplemented by urging the necessity of teaching what we conceive to be the trusteeship of the bar or the social aspect of the law practice.

In a democracy like ours, the administration of justice is one of the most vital essentials of its existence. Corrupt or distort that and the whole structure will crumble. No governmental function is clothed with a more important public interest than that of adjudicating personal, property and public rights. Under our system, this responsibility is placed on the

bench and bar and in its administration, the public demands and has a right to demand a like degree of intelligence, fidelity, and integrity that the banker demands of the young clerk that he places in the cashier's cage, that the community demands of its teacher, its preacher, or its scoutmaster, that the *cestui que* trust may expect of its trustee, or that should mutually pass from one spouse to the other in the marital state.

Every lawyer is sensitive to his loyalty and fidelity to client but with it there is equal and sometimes greater loyalty to the public that is often lost sight of. To say that every lawyer should be schooled in the element of public response of trusteeship means that he should be as sensitive to his fidelity to the public as he is that to client. As a bar we have fallen into the philosophy that the practice of law is something in the nature of a private preserve where we may by over tact and innuendo put the public on notice that it is a trespasser when as a matter of fact we are nothing more than trustees of the public to execute a most important public trust.

Cases may arise in which fidelity to client and fidelity to the public are difficult to reconcile but counsel may at all times be assured that the boundary between them is the course that leads to justice and that it is not a zig zag course. Every litigant is entitled to a full and clear presentation of the law and the facts in support of his cause but no lawyer worthy the name will pervert the law or distort the facts to secure a result that justice does not warrant. Such practice is a reproach to the trusteeship that he assumed when admitted to the bar. Every criminal that is turned loose on society by resorting to such

methods or others that are in disharmony with counsel's trusteeship bring the administration of justice into disrepute. Every lawyer who enters the practice with the idea that it is his duty to win cases irrespective of the methods employed will sooner or later discredit the profession, and the judge who is prodded from premise to conclusion by the enticement of individuals or blocks of them rather than in the fear of God and justice deliberately undermines his most commendable virtue, integrity. No system of administering justice can survive in a democracy when it ceases to merit public confidence and the extent to which it does this is in proportion to the seriousness with which the bench and bar execute the trust imposed in them. A just appreciation of his trusteeship is quite as essential as knowledge of the law.

Whatever basis there is for the current criticism that is said to be lodged against the bar and the administration of justice is due largely to the fact that it has failed to take the public in its confidence and administer the trust imposed on it with consistent regard to its trusteeship. Unquestionably a training in public response or trusteeship as applied to the bar in our form of government should be a part of every lawyer's preparation for admission to the bar.

The Court is committed to the view that the standards of preparation for admission to the bar should be raised as fast as circumstances and the interests of these affected will permit. The record presents very conclusive reasons for granting the petition and no objection is voiced to it.

It is accordingly Ordered, Adjudged, and Decreed that Sections (b) and (c) of Rule 1 relative to the

Admission of Attorneys to practice law in this State, adopted April 4, 1938, and set forth in 132 Fla. 331, and as subsequently amended on February 9, 1940, be amended as prayed for to read as follows:

"Rule 1, Section (b)—All applicants to take the examination for admission to the bar of "Florida after January 1, 1942, shall be required to furnish to the State Board of Law Examiners evidence of graduation from a full time accredited law school, or evidence of graduation from a part time accredited law school, namely a school whose sessions are held principally in the afternoon or evening, and approved by the Board of Law Examiners of the State of Florida. Such part time course shall cover a period of at least four (4) years, of at least thirty-six (36) weeks each, and shall be the equivalent of a full time law course in a full time accredited law school.

The term 'an accredited law school' has reference to any law school accredited as a 'Class A' law school by the American Bar Association or the American Association of Law Schools, or any other law school that may be added to said list by order of this Court; that the term 'an approved college or university' means and refers to an 'A Grade' college or university, as recognized by the American Association of Colleges and Universities.

Section (c)—In addition to this legal training and preparation, as hereinbefore set forth, each applicant for admission to the Bar by examination must furnish evidence of graduation from an accredited senior high school as recognized in this state, or from a high school of equivalent standing in some other state, in the District of Columbia, or in a foreign country, except as hereinafter provided. In addition to this

requirement the applicant shall have completed at least two years of residence college work, or its equivalent, such college work to consist of a minimum of one-half the work acceptable for a Bachelor's Degree granted on the basis of a four year period of study in an approved college or university, except as hereinafter provided. All applicants who cannot produce certificates showing graduation from an accredited high school or its equivalent, may take examinations in such high school and college work at such time and place in the State of Florida as may be designated by the State Board of Law Examiners, and under the direction of said Board, and all applicants who desire to take such examination shall notify the State Board of Law Examiners, making requests for said examinations."

The adoption of this amendment to Rule 1 shall not preclude any who have commenced their preparation for the bar examination and have registered that fact with the State Board of Law Examiners as required by Section (c) of this rule as now in effect provided they take and pass the examination not later than June, 1945.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concurring.